DECISION
These two civil actions present the same issue for the Court's decision in slightly different factual settings. The plaintiffs are two former police officers of the Town of Cumberland and their collective bargaining representative. They seek a declaratory judgment of this Court to decide how their respective disability retirement benefits are to be computed.
I.
Their stipulated statement of material facts is attached hereto as Annex A. Briefly summarized those facts are as follows:
Ronald Desautel became a Cumberland police officer on May 6, 1974. On April 1, 1992 the Cumberland Town Council approved his disability retirement effective May 6, 1992, when he completed eighteen years of service. Thomas Mefford was appointed on October 9, 1975 and his disability retirement was approved effective October 29, 1993, when he, too, had completed eighteen years of service.
On May 5, 1992 the Retirement Board of the Town of Cumberland authorized an annual pension benefit of $12,479.73 for Ronald Desautel. It computed his benefit at forty-five percent (45%) of the average annual salary he earned during the last three years of his service. It reached the forty-five percent (45%) proportion by multiplying eighteen years of service by two and five-tenths percent (2.5%) for each such year. On November 9, 1993 the Board authorized an annual pension for Thomas Mefford in the amount of $12,753.80, computed in the same manner. The Board apparently derived the two and five-tenths percent (2.5%) factor from the provisions of the respective collective bargaining agreements between the Town and the plaintiff Lodge No. 14 of the Fraternal Order of Police pertaining to service retirement benefits in effect at the time of each officer's retirement. Those collective bargaining agreements provide for a fifty-percent (50%) pension benefit upon a service retirement upon twenty years of service and based on a last-three-years' average salary.
II.
The basis for awarding a disability pension is not found in the collective bargaining agreements, which provide only for service retirement pensions. Section 11 of chapter 115 of the Public Laws of 1962, as amended most recently by P.L. 1986, ch. 470, § 1, however, provides in pertinent part:
 "Provided, however, that any police officer having completed sixty percent of the time necessary for retirement may, on his request, with consent of the town council, retire for reason of health and receive a pension prorated for the time of service against total time; provided, however, that if he has completed ninety percent of the total time required and applies to the council to retire for reasons of health and such application is approved he shall retire at full pension; . . ."
Although it is clear from the statute that "total time" as used in this provision means twenty-five years of service regardless of age, the Board has nevertheless construed "total time" in the statute to mean the twenty years of service referred to in Section 4 of the respective appropriate collective bargaining agreements. The plaintiffs, for obvious reasons, do not object to this construction, right or wrong. But see Power v.City of Providence, 582 A.2d 895, 900 (R.I. 1990) (contracts in contravention of state law are illegal).
The problem arises with the construction of "full pension" at the end of the quoted portion of the statute. The plain meaning of the statutory provision is that, if an officer retires after completing ninety percent of the twenty-five year minimum in the statute, he or she will receive the full sixty-percent maximum pension provided later in the statute and in the agreements. The statute arrives at its maximum by multiplying twenty-five years of service by two and four-tenths percent. The agreements, on the other hand, arrive at their identical maximum by adding two percent per year for each of five years after twenty to fifty percent for the first twenty years of service.
The plaintiffs contend that, since the Board has construed "total time" to mean the twenty years of service mentioned in the agreements, to be consistent "full pension" must mean the fifty-percent pension provided in the agreements for twenty years of service and not for the twenty-five years of service required by the statute. The defendants contend that the rate-per-year-of-service in the contracts is two and five-tenths percent (2.5%) (fifty percent/twenty years, or 50%/20, or 2.5%). Since the Board is adapting the service retirement under the contracts to the disability retirement under the statute, it claims to be authorized to pro-rate the benefit at eighteen-twentieths (18/20) of the fifty-percent benefit, or forty-five percent (18/20 x 50% = 45%, or 18 x 2.5% = 45%, which is the same thing).
The Board obviously reads the ninety percent of total time provision of the statute as an eligibility factor and not an accelerating factor, which it clearly is. The eligibility factor in the statute for disability retirement is sixty percent (60%), not ninety percent (90%), of total time. The statute simply provides that for disability retirement benefits ninety percent (90%) of service retirement eligibility will be treated as one hundred percent (100%). In other words more than eighteen years of service, under the Board's construction of total time, is the same as twenty years.
Based on the Board's own construction of this statute, whether right or wrong, these plaintiffs are entitled to have their pension benefits computed as if they had served for twenty years. Since the Board has elected to apply the two and five-tenths rate provided by the agreements rather than the two and four-tenths rate under the statute, the plaintiffs are entitled to a fifty-percent pension benefit.
The plaintiffs will enter an appropriate judgment on two working day's notice to the defendants.
STIPULATION OF FACTS
The parties hereby agree to stipulate to the facts of the above-referenced matter as follows:
1. Plaintiff, Fraternal Order of Police, Lodge No. 14 (the "FOP") is the exclusive bargaining agent for all police officers of the Town of Cumberland.
2. Plaintiffs, Mefford and Desautel are currently retired Town of Cumberland police officers.
3. Defendant, the Town of Cumberland Retirement Board (the "Retirement Board") is the body duly authorized to administer the retirement system for Town of Cumberland employees.
4. On or about October 9, 1975, Mefford was appointed as a Town of Cumberland police officer and on or about May 6, 1974 Desautel was appointed as a Town of Cumberland police officer.
5. By letter dated October 27, 1993 to the Mayor of the Town of Cumberland, Mefford requested that due to a continuing medical condition, he be granted a retirement pension based on health reasons. Desautel by letter dated April 1, 1992 to the Town of Cumberland requested that due to a continuing medical condition, he be granted a disability retirement pension based on health reasons.
6. On October 20, 1993, at a meeting of the Cumberland Town Council, the Town Council unanimously voted, to approve the disability retirement pension for Mefford, and recommended that he be entitled to receive fifty (50%) percent of his retirement benefits. On April 1, 1992, at a meeting of the Town of Cumberland Town Council, the Town Council unanimously voted, with one abstention, to approve the pension for Desautel, effective May 6, 1992.
7. Upon the date of Mefford's retirement, October 29, 1993, Mefford had completed more than eighteen (18) years service as a police officer with the Town of Cumberland or the equivalent of ninety percent (90%) of the total time to reach the twenty (20) year retirement threshold. Upon the date of Desautel's retirement, Desautel had completed more than eighteen (18) years service as a police officer with the Town of Cumberland or the equivalent of ninety percent (90%) of the total time to reach the twenty (20) year retirement threshold.
8. At a November 9, 1993 meeting of the Retirement Board, the Retirement Board approved an annual pension for Mefford of $12,753.80 or what amounted to forty-five percent (45%) of the average of his last three full years of salary. On May 5, 1992, the Retirement Board approved an annual pension for Desautel of $12,479.73 or what amounted to forty-five percent (45%) of the average of his last three full years of salary.
9. Pursuant to a special act passed by the General Assembly of the State of Rhode Island in 1962 (the "1962 Act"), the Retirement Board was created. The 1962 Act provides that a police officer may with the approval of the Town of Cumberland retire for health reasons, and if the police officer has completed ninety percent (90%) of the total time required for retirement, he shall retire at full pension. The 1962 Act further provides that upon retirement, a police officer is to receive a retirement allowance in an amount equal to two and four-tenths percent (2.4%) of final compensation multiplied by the number of years of total service as a police officer.
10. Pursuant to Section 4 of the Collective Bargaining Agreement between the Town of Cumberland and the FOP in effect during the aforesaid time period, any police officer who retires after the completion of at least twenty (20) years shall receive fifty percent (50%) of his base annual pay computed on the three (3) consecutive highest year's earnings.
PLAINTIFFS by their attorneys, McGOVERN NOEL BENIK
By: ___________________________ William P. Devereaux (#2242) 321 South Main Street Providence, RI 02903 (401) 274-1144 (401) 421-4213 Facsimile
DEFENDANTS by their attorneys, TOWN OF CUMBERLAND SOLICITOR
By: ___________________________ Thomas E. Hefner (#1978)
Town of Cumberland 45 Broad Street Cumberland, RI 02864 728-2400 724-3311 Facsimile
Dated: September 15, 1995